**SCHNADER HARRISON SEGAL & LEWIS, LLP**
**Woodland Falls Corporate Park**
**220 Lake Drive East, Suite 200**
**Cherry Hill, New Jersey 08002-1165**
**POLLY N. PHILLIPPI (NJ# 043551984)**
**Phone:  (856) 482-5222**
**Fax:      (215) 972-7236**
**Email:  pphillippi@schnader.com**
Attorneys for Named Defendant - Target Corporation

| | |
|---|---|
| MARZENA DICOSTANZO and GIOVANNI DICOSTANZO, | :  CIVIL ACTION |
| Plaintiff, | :  DOCKET NO.: |
| v. | :  **NOTICE OF REMOVAL TO U.S. DISTRICT COURT** |
| TARGET, TARGET CORPORATION T-1929, JACY LALLY, Store Director, JOHN DOES CORPORATIONS 1-10, (said names being fictitious and unknown to Plaintiff at this time). | |
| Defendants. | |

NOW COMES Defendant, Target Corporation (incorrectly captioned as Target and Target Corporation T-1929) by and through its attorney, Polly N. Phillippi, of the firm of SCHNADER HARRISON SEGAL & LEWIS, LLP, and removes this action pursuant to 28 U.S.C. §1441, and in support thereof, Target Corporation states as follows:

## NATURE OF STATE COURT ACTION

1.     Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Civil Part, Middlesex County, under Docket No. MID-L-4927-21, on or about August 19, 2021. A copy of the complaint is attached as Exhibit A.

2.     Plaintiffs bring this action against Defendants, "Target and/or Target Corporation T-1929 and/or Jacy Lally, Store Director." (*See* complaint at paragraph (1), Ex. A)

3.      Plaintiffs, Marzena DiCostanzo and Giovanni DiCostanzo, allege they suffered "severe, permanent and painful personal injuries and was incapacitated and prevented from pursing her usual activities" and that the plaintiff, Marzena, "sustained serious and permanent injuries which required medical treatment and incapacitated her and she was caused to suffer great pain and will in the future suffer great pain," allegedly as a result of the defendants' negligence and careless, and reckless maintenance, care and/or upkeep of the premises. (*See* complaint at paragraphs (9) & (21), Ex. A)

4.      For service process in New Jersey, a plaintiff is required to cause a summons to be issued and served with the complaint.  N.J. Ct. R. 4:4-2, 4:4-3 & 4:4-4.

5.      New Jersey Court Rule 4:4-1 provides that the plaintiff, plaintiff's attorney or clerk of court may issue the summons.

6.      On August 24, 2021, plaintiffs caused summonses to be issued in the name of the clerk of court addressed to "Target-T-1929" and Jacy Lally. (*See* summonses, attached as Ex. B)

7.      No affidavit of service has been filed as of September 22, 2021.

8.      While the exact date of service is unknown at this time, because the summonses were issued on August 24, 2021, less than 30 days have expired since the summonses were issued and served.  This Notice of Removal is timely since it was filed within thirty (30) days of  receipt of the summons and complaint by Target.

9.      Defendant Jacy Lally consents to the removal of this action to the United States District Court for the District of New Jersey.

10.     Plaintiffs are residents of the state of New Jersey. (See introductory paragraph of complaint, Ex. A)

2

11.     Target is a corporation, incorporated under the laws of Minnesota with its principal place of business in Minnesota.

12.     Defendant Jacy Lally is a resident of the state of New York.

13.     The remaining defendants are fictitious defendants.

14.     The citizenship of defendants John Does is disregarded for the purposes of removal pursuant to 28 U.S.C. Section 1141.

15.     The plaintiffs are not citizens of the same state as the defendants, Target and Jacy Lally.  There is complete diversity among the parties.

16.     On September 20, 2021 counsel for Target sent a letter requesting a statement of damages pursuant to N.J. Civ. Practice Rule 4:5-2. This letter is attached as Exhibit C.

17.     On September 21, 2021, plaintiffs' counsel, Marco M. Benucci, Esq., confirmed that he was unable to limit the plaintiffs' damage claims to a sum not to exceed $75,000.00. This conversation was confirmed in a letter dated September 21, 2021, and is attached as Exhibit D.

18.     Because this action is between citizens of different states, and the amount in controversy is in excess of $75,000.00, this Court has diversity jurisdiction over the claims and this action is removable from the Superior Court of New Jersey, Middlesex County, to this Court.

19.     All of the procedural requirements set forth in 28 U.S.C. Section 1446 are satisfied. Section 1446(a) requires a removing party to file a notice of removal in the district court of the United States for the district and division within which such action is pending. Middlesex County lies in the District of New Jersey.

PHDATA 7901609_1

20.     In accordance with Section 1446, Target provides to the Court a copy of all process, pleadings, and orders served on defendant in the state action. See Exhibits A & B attached.

21.     Target will file an appropriate notice (a copy of which is attached hereto as Exhibit E ) with the Superior Court of New Jersey, Middlesex County, and will serve on plaintiffs a true and correct copy of this Notice of Removal, thus satisfying the remaining requirements specified in 28 U.S.C. Section 1446.

**WHEREFORE**, Defendant, Target Corporation, gives notice of removal of this action from the Superior Court of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

By:   ___/s/ Polly N. Phillippi_____
     Polly N. Phillippi, Esquire
     SCHNADER HARRISON SEGAL & LEWIS LLP
     Attorney for Defendant, Target Corporation

Dated:  September 22 2021

4

PHDATA 7901609_1

# EXHIBIT "A"

# Civil Case Information Statement (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Marco M. Benucci, Esq. | (908) 393-6445 | Middlesex |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| WRONKO LOEWEN BENUCCI | |

| Office Address | Document Type |
|---|---|
| 1130 Route 202 South Suite A-7 Raritan, NJ 08869 | Complaint w/jury demand |
| | Jury Demand ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Marzena DiCostanzo and Giovanni DiCostanzo, Plaintiffs | Marzena DiCostanzo and Giovanni DiCostanzo vs. Target, Target Corporation T-1929, Jacy Lally, John Does, Corporations, ad XYZ individuals, et. al. |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case? ☐ Yes ■ No |
|---|---|---|
| 605 | ☐ Yes ■ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

Related Cases Pending?  ☐ Yes  ■ No    If "Yes," list docket numbers

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ■ No | Name of defendant's primary insurance company (if known) ☐ None ■ Unknown |
|---|---|

## The Information Provided on This Form Cannot be Introduced into Evidence.

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? ☐ Yes ■ No | If "Yes," is that relationship? ☐ Employer/Employee ☐ Familial ☐ Friend/Neighbor ☐ Business ☐ Other (explain) |
|---|---|

Does the statute governing this case provide for payment of fees by the losing party?  ☐ Yes  ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations? ☐ Yes ■ No | If yes, please identify the requested accommodation: |
|---|---|
| Will an interpreter be needed? ☐ Yes ■ No | If yes, for what language? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature: **MARCO BENUCCI, ESQ.**        8/19/21

**WRONKO LOEWEN BENUCCI**
Marco M. Benucci, Esq. (Id No. 018601994)
1130 Route 202 South, Suite A-7
Raritan, New Jersey 08869
Tel. (908) 393-6445   Fax (908) 393-6447
Email: benucci@newjerseylawyer.org
Attorney for Plaintiffs, Marzena DiCostanzo and Giovanni DiCostanzo

| | |
|---|---|
| MARZENA DICOSTANZO and<br>GIOVANNI DICOSTANZO<br><br>Plaintiff,<br><br>vs.<br><br>TARGET, TARGET CORPORATION T-1929,<br>JACY LALLY, Store Director, JOHN DOES<br>CORPORATIONS 1-10 (said names being<br>fictitious and unknown to Plaintiff at this time) | : SUPERIOR COURT OF NEW JERSEY<br>: MIDDLESEX COUNTY<br>: LAW DIVISION-CIVIL PART<br>:<br>:  DOCKET NO.: MID-L-004927-21<br>:<br>:  CIVIL ACTION<br>:  **AMENDED**<br>: **COMPLAINT, JURY DEMAND,**<br>: **DESIGNATION OF TRIAL**<br>: **ATTORNEY, DEMAND FOR**<br>: **INSURANCE INFORMATION, NOTICE**<br>: **TO PRODUCE, DEMAND FOR**<br>: **ANSWERS TO UNIFORM C AND C(2)**<br>: **INTERROGATORIES** |

Plaintiffs, Marzena DiCostanzo (also referred to as "Marzena") and Giovanni DiCostanzo

(also referred to as "Giovanni"), her husband, residing at 55 Zirkel Avenue, Township of

Piscataway, County of Middlesex, State of New Jersey,  by way of Complaint against the

Defendants says:

### PARTIES

1)      At all times relevant herein the Defendants, TARGET and/or TARGET

CORPORATION T-1929 and/or JACY LALLY, Store Director, owned, operated, controlled,

inspected, maintained, and/or repaired the premises located at 5000 Hadley Center Drive, South

Plainfield, New Jersey 07080 ("Premises").  At the Premises, the Defendants were/are engaged in

the business of, among other things, selling and/or providing food and/or other household goods to

customers on a self-serve basis.

**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1



**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | | | | |
|---|---|---|---|---|
| 151 | Name Change | | 506 | PIP Coverage |
| 175 | Forfeiture | | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | | 512 | Lemon Law |
| | | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | | 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | | | | |
|---|---|---|---|---|
| 305 | Construction | | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | | 605 | Personal Injury |
| | | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | | 699 | Tort – Other |

### Track III - 450 days discovery

| | | | | |
|---|---|---|---|---|
| 005 | Civil Rights | | 608 | Toxic Tort |
| 301 | Condemnation | | 609 | Defamation |
| 602 | Assault and Battery | | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | | |
| 606 | Product Liability | | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | | 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | | |
|---|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | | 514 | Insurance Fraud |
| 303 | Mt. Laurel | | 620 | False Claims Act |
| 508 | Complex Commercial | | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | | |

### Multicounty Litigation (Track IV)

| | | | | |
|---|---|---|---|---|
| 271 | Accutane/Isotretinoin | | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | | 626 | Abilify |
| 286 | Levaquin | | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | | 634 | Allergan Biocell Textured Breast Implants |
| 299 | Olmesartan Medoxomil Medications/Benicar | | | |
| 300 | Talc-Based Body Powders | | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59** ☐ **Consumer Fraud**

2)      The true names and capacities, whether individual, corporate, associate and/or

otherwise, of defendants JOHN DOES, are unknown to plaintiffs at this time.  Plaintiffs sue such

defendants by such fictitious names and will amend this Complaint to show their true names and

capacities when they have been ascertained.  Plaintiffs are informed and believe, and based on such

information and belief allege, that each of the defendants designated as "DOE" was negligently or

otherwise legally responsible for the events and happenings referred to in this Complaint, and

negligently or otherwise unlawfully caused the injuries and/or damages alleged in this Complaint.

3)      The true name and capacity, whether corporate, associate or otherwise, of

defendant,  XYZ COMPANY ( hereinafter "XYZ") or Companies, is unknown to plaintiffs at this

time.  Plaintiffs sue such defendant or defendants by such fictitious name and will amend this

complaint to show its/their true name and capacity when it/they has/have been ascertained.

Plaintiffs are informed and believe, and based on such information and belief allege, that the

defendant or defendants designated as "XYZ" was/were negligent and/or otherwise legally

responsible for the events and happenings referred to in this Complaint, and negligently and/or

otherwise unlawfully caused the injuries and damages alleged in this Complaint.

4)      Plaintiffs are  informed and believe, and based on such information and belief

allege, that at all times mentioned herein the defendants designated as "DOE" acted independently

and/or were the agents/servants and/or employees of any or all of their co-defendants,  TARGET

and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and in doing the

things alleged in this complaint were acting within the course and scope of such agency and/or

employment.

5)      The Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or

JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE, had a duty and obligation to keep the Premises cleaned, well maintained and safe, and to keep the public having access to it free from harm. Members of the public, including the plaintiff, Marzena, were entitled to rely upon the fact that the Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE would conduct their business and/or activities in a safe way and would provide a safe, well maintained and clean location.

## COUNT ONE

_____6)     Plaintiffs repeat and reiterate any and all allegations contained in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

7)     On or about August 22, 2021, plaintiff, Marzena, was shopping at the Premises referred to above and located at 5000 Hadley Center Drive, South Plainfield, New Jersey. As such, plaintiff had the status of a "business invitee." As the plaintiff was shopping for food and household items, suddenly and without notice or warning she slipped and fell on a liquid substance in one of the aisles of the store.

8)     The liquid on the floor in the aisle represented a hazardous condition that was created and/or known - or should have been known - to the defendants and/or their agents servants and/or employees.

9)     As a direct and proximate result of the defendants' carelessness and negligence the plaintiff, sustained severe, permanent,  and painful personal injuries and was incapacitated and prevented from pursuing her usual activities.

**WHEREFORE**, Plaintiff, Marzena DiCostanzo, demands judgment against the Defendants,

TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or

XYZ and/or JOHN DOE AND JEAN DOE individually,  jointly and/or severally for damages,

interest, counsel fees,  and costs of suit.

## COUNT TWO

_____10)    Plaintiffs repeat and reiterate any and all allegations contained in the preceding

paragraphs and incorporates them by reference as if fully set forth herein.

11)    At the time of the accident described and for a some time prior thereto, the

defendants knew or should have known that the general public attending the store, including, but

not limited to, the plaintiff, Marzena, could walk over a liquid substance in an aisle of the store.

12)    It was the duty of the defendants, TARGET and/or TARGET CORPORATION T-

1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE to

keep the aisle and floor areas at the aforesaid Premises in a reasonably safe and proper condition, so

that any person entering upon the premises would be protected from injury while on the property.

13)    The defendants, TARGET and/or TARGET CORPORATION T-1929 and/or

JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE, breached their

duties and were careless and negligent in that  they did not keep their store aisle's   and floor areas

at defendants' Premises in a reasonably safe and proper condition.

14)    As set forth hereinbefore, as a direct and proximate result of the negligence of the

defendants, the plaintiff, Marzena,  sustained serious and permanent injuries which required medical

treatment and incapacitated her and she was caused to suffer great pain and will in the future suffer

great pain.

**WHEREFORE**, Plaintiff, Marzena, demands judgment against the Defendants, TARGET

and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ

and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally for damages, interest, counsel fees, and costs of suit.

## COUNT THREE

_____15)    Plaintiffs repeat and reiterate any and all allegations contained in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

16)    The defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE, carelessly and negligently failed to properly maintain an acceptable safe environment at the Premises and/or failed to have the Premises kept in a safe and non hazardous condition and/or failed to otherwise exercise due care with respect to the matters alleged in this complaint and/or they were otherwise vicariously liable for the acts and/or omissions of their agents, servants and or employees.

17)    As set forth hereinbefore, as a direct and proximate result of the negligence of the defendants, the plaintiff, Marzena, sustained serious and permanent injuries which required medical treatment and incapacitated her and she was caused to suffer great pain and will in the future suffer great pain.

**WHEREFORE**, Plaintiff, Marzena, demands judgment against the Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally for damages, interest, counsel fees, and costs of suit.

## COUNT FOUR

_____18)    Plaintiffs repeat and reiterate any and all allegations contained in the preceding

paragraphs and incorporates them by reference as if fully set forth herein.

20)     The defendants, TARGET and/or TARGET CORPORATION T-1929 and/or

JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE, while acting

within the course and scope of their businesses were negligent in allowing and/or causing a

dangerous/hazardous condition to exist and/or by failing to make proper observations and

inspections that would have revealed the dangerous/hazardous condition and/or by failing to post

proper warnings and notice of the dangerous/hazardous condition and/or failed to otherwise

exercise due care with respect to the matters alleged in this Complaint.

21)     As set forth hereinbefore, as a direct and proximate result of the negligence of the

defendants, the plaintiff, Marzena,  sustained serious and permanent injuries which required medical

treatment and incapacitated her and she was caused to suffer great pain and will in the future suffer

great pain.

**WHEREFORE**, Plaintiff, Marzena DiCostanzo, demands judgment against the Defendants,

TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or

XYZ and/or JOHN DOE AND JEAN DOE individually,  jointly and/or severally for damages,

interest, counsel fees,  and costs of suit.

### COUNT FIVE

22)     Plaintiffs repeat and reallege the allegations of the preceding Counts of the

Complaint as if more fully set forth at length herein.

23)     At all times relevant hereto, the Plaintiff, Giovanni Dicostanzo, was/is

the husband of Marzena Dicostanzo, and as such, is entitled to her love, services and consortium, all

of which he has been deprived of due to the negligence of the Defendants.

**WHEREFORE,** the Plaintiff, Giovanni Dicostanzo, demands judgment against the Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally judgment on this count, for damages, interest, counsel fees, and costs of suit together with compensatory damages.

## COUNT SIX

24)     Plaintiffs repeat and reallege the allegations of the preceding Counts of the Complaint as if more fully set forth at length herein.

25)     The Plaintiffs herein allege that there was a breach of various regulations that constitutes a statutory tort.

**WHEREFORE,** Plaintiffs, Marzena DiCostanzo and Giovanni, demand judgment against the Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally for damages, interest, counsel fees, and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designates MARCO BENUCCI, Esq. as trial counsel in the above captioned litigation pursuant to *Rule* 4:25-4.     _____

## JURY DEMAND

Plaintiffs put all parties on notice of a demand for trial by jury as to all issues.

## DEMAND FOR MEDICAL PAYMENTS COVERAGE

Plaintiffs, Marzena DiCostanzo and Giovanni DiCostanzo, hereby demand tender of

any and all medical payment ("med pay") provision coverage on the tortfeasors' liability policies. This request hereby constitutes notice of plaintiff's intention to make a claim against such coverage. If information is required to process some claim, please contact the undersigned.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to *Rule* 4:10-2(b), demand is hereby made that defendants disclose to plaintiffs' attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

## NOTICE TO PRODUCE

Pursuant to *Rule* 3:18-1, the plaintiffs hereby demand that the defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants are therefore required to continuously update its response thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendants, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declarations page.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3.  Copies or duplicates of any and all photographs, motion pictures, video, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question. Original digital media should be emailed (unedited, uncompressed in the original file format) to benucci@newjerseylawyer.org.

4.  Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5.  Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

6.  Copies of any and all discovery received from any other parties to the action in question.

7.  Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition of the plaintiff in this matter; whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

8.  Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiff or the incident in question.

9.  A list of all known eyewitnesses to plaintiff's fall, including any relationship to the parties and all available contact information.

10.   A list of all employees of the answering defendants who were either working or known to be physically present at the subject premises on the date of plaintiff's fall.

11.   An itemization of which employees on the list requested in NTP #10 are still employed by the answering defendants (and therefore able to be produced for depositions).

12.   A list of the last known addresses of all employees on the list requested in NTP #10 whom are no longer in the employ of the answering defendants (and therefore are unable to be produced for depositions).

13.   A list indicating the number of surveillance cameras at the subject premises and a brief description identifying the location of each.

14.   The name of the individual (or individuals) responsible for retrieving video surveillance footage from the system at the time of plaintiff's fall.

15.   Any and all treaties, articles, medical journals, literature or other documents which defense intends to rely upon at the time of trial in defending the claim of damages.

## DEMAND FOR ANSWER TO INTERROGATORIES

Demand is hereby made on the defendants to answer fully and responsively Form C and Form C(2) Uniform Interrogatories, found in Appendix II as provided by *Rule* 4-17-1(b)(ii) and other applicable Rules of Court. Demand is hereby made that defendants answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.

## NOTICE REGARDING DEFENSE MEDICAL EXAMINATIONS

The plaintiffs will not be filling out any paperwork at the time of the examination. Any paperwork required by the examiner should be completed by the defense counselor requesting the

defense medical examination prior to the happening of the examination. If the defense counsel requires information that is not in their possession to complete said paperwork, the proper discovery requests should be made to plaintiff through their counsel.

## DEMAND FOR ENTRY UPON PREMISES

Pursuant to R. 4:18-1 (a)(2) , Plaintiffs demand entry upon land of the area of the incident which is the subject of this litigation for the purpose of inspection and/or measuring, surveying, photographing, testing and/or sampling the property or any designated object or operations thereon.

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above motion. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

WRONKO LOEWEN BENUCCI

By:_____
     MARCO M. BENUCCI, ESQ.
     Attorney for Plaintiff

DATED:

# EXHIBIT "B"

PHDATA 6654678_1

## SUMMONS

Attorney(s) Marco M. Benucci, Esq.

Office Address  1130 Route 202 South   Suite A-7

Town, State, Zip Code  Raritan, NJ 08869

Telephone Number  9083936445

Attorney(s) for Plaintiff  Marzena DiCostanza

Marzena DiCostanza

Giovanni DiCostanzo

Plaintiff(s)

vs.

Target, Target Corportation, T-1929,

Jacy Lally, et. al.

Defendant(s)

## Superior Court of New Jersey

Middlesex      County

Civil Part-Law  Division

Docket No:  MID-L-004927-21

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Michelle M. Smith /s/

Clerk of the Superior Court

DATED:  08/24/2021

Name of Defendant to Be Served:  Jacy Lally- Store Director-Target-T-1929

Address of Defendant to Be Served:  5000 Hadley Center Drive, South Plainfield, NJ 07080

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# EXHIBIT "C"

# Schnader

ATTORNEYS AT LAW

*The Higher*
*Calling of the Law*

Lisa A. Rodriguez  New Jersey Managing Partner

Woodland Falls Corporate Park

220 Lake Drive East   Suite 200   Cherry Hill, NJ  08002-118

856.482.5222                              schnader.com

Polly N. Phillippi
Direct Dial 856-482-5725
Direct Fax 215-972-7236
E-Mail: Pphillippi@schnader.com

September 16, 2021

<u>*Via E-mail:*</u>
Marco M. Benucci, Esq.
1130 Route 202 South
Suite A-7
Raritan, NJ 08869

Re:   **Marzena DiCostanzo v. Target Corporation**
      **Superior Court of New Jersey –Middlesex County**
      **Docket No.:  MID-L-4927-21**

Dear Mr. Benucci:

On behalf of Defendant, Target Corporation, I hereby request a statement of Plaintiff's damages as permitted by New Jersey Court Rule 4:5-2.  Pursuant to the Rule, Plaintiff's written statement of the amount of damages claimed shall be furnished within five (5) days after service of this request.

Thank you for your anticipated cooperation in this regard.

Sincerely yours,

*/s/ Polly N Phillippi*

Polly N. Phillippi
For SCHNADER HARRISON SEGAL & LEWIS LLP

PNP/mdg

PHDATA 7901618_1

# EXHIBIT "D"

PHDATA 6654678_1

# Schnader

**ATTORNEYS AT LAW**

*The Higher Calling of the Law*

Lisa J. Rodriguez, New Jersey Managing Partner

Woodland Falls Corporate Park

220 Lake Drive East   Suite 200   Cherry Hill, NJ  08002-11

856.482.5222                              schnader.com

Polly N. Phillippi
Direct Dial 856-482-5725
Direct Fax 215-972-7236
E-Mail: Pphillippi@schnader.com

September 21, 2021

<u>*Via E-mail:*</u>
Marco M. Benucci, Esq.
1130 Route 202 South
Suite A-7
Raritan, NJ 08869

**Re:     Marzena DiCostanzo v. Target Corporation
Superior Court of New Jersey –Middlesex County
Docket No.:  MID-L-4927-21**

Dear Mr. Benucci:

This will confirm our conversation of today that you are unable to cap plaintiff's damages at less than $75,000 as you do not have your client's permission for same. As a result, I will proceed to remove this matter to US District Court.

Sincerely yours,

*/s/ Polly N Phillippi*

Polly N. Phillippi
For SCHNADER HARRISON SEGAL & LEWIS LLP

PNP/mdg

PHDATA 7901619_1

# EXHIBIT "E"

PHDATA 6654678_1

**SCHNADER HARRISON SEGAL & LEWIS, LLP**
**Woodland Falls Corporate Park**
**220 Lake Drive East, Suite 200**
**Cherry Hill, New Jersey 08002-1165**
**POLLY N. PHILLIPPI (NJ# 043551984)**
**Phone:  (856) 482-5222**
**Fax:     (215) 972-7236**
**Email: pphillippi@schnader.com**
Attorneys for Named Defendant - Target Corporation

| | | |
|---|---|---|
| MARZENA DICOSTANZO and<br>GIOVANNI DICOSTANZO,<br><br>                Plaintiff,<br><br>      v.<br><br>TARGET, TARGET CORPORATION T-1929, JACY LALLY, Store Director, JOHN DOES CORPORATIONS 1-10, (said names being fictitious and unknown to Plaintiff at this time).<br><br>            Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY, LAW DIVISION<br>CIVIL ACTION<br><br>DOCKET NO.:  MID-L-4927-21<br><br>**NOTICE TO SUPERIOR COURT OF**<br>**REMOVAL TO US DISTRICT COURT** |

**TO:    Attached Service List**

          PLEASE TAKE NOTICE that on September 22, 2021, the undersigned caused to

be electronically filed with the Clerk of the United States District Court for the District of New

Jersey, the attached Notice of Removal, a true and accurate copy of which is attached hereto and

hereby served upon you.

                         Respectfully submitted,


                         By:    /s/ Polly N. Phillippi
                            Polly N. Phillippi, Esquire
                  SCHNADER HARRISON SEGAL & LEWIS LLP
                   Attorney for Defendant, Target Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 22st day of September, 2021, a true and correct copy of the

foregoing Notice of Removal was sent via ECF Delivery to:

Clerk, Superior Court of New Jersey
Middlesex County Law Division


Marco M. Benucci, Esq.
1130 Route 202 South
Suite A-7
Raritan, NJ 08869
*Attorney for Plaintiff*

By:     /s/ Polly N. Phillippi
Polly N. Phillippi, Esquire
SCHNADER HARRISON SEGAL & LEWIS LLP
Attorney for Defendant, Target Corporation

PHDATA 7901610_1

**SCHNADER HARRISON SEGAL & LEWIS, LLP**
**Woodland Falls Corporate Park**
**220 Lake Drive East, Suite 200**
**Cherry Hill, New Jersey 08002-1165**
**POLLY N. PHILLIPPI (NJ# 043551984)**
**Phone:**  (856) 482-5222
**Fax:**     (215) 972-7236
**Email: pphillippi@schnader.com**
Attorneys for Named Defendant - Target Corporation

| | |
|---|---|
| MARZENA DICOSTANZO and GIOVANNI DICOSTANZO, | : |
| | : CIVIL ACTION |
| | : |
| Plaintiff, | : DOCKET NO.: |
| | : |
| v. | : **NOTICE OF REMOVAL TO U.S.** |
| | : **DISTRICT COURT** |
| TARGET, TARGET CORPORATION T-1929, JACY LALLY, Store Director, JOHN DOES CORPORATIONS 1-10, (said names being fictitious and unknown to Plaintiff at this time). | : |
| | : |
| | : |
| Defendants. | |

NOW COMES Defendant, Target Corporation (incorrectly captioned as Target and Target Corporation T-1929) by and through its attorney, Polly N. Phillippi, of the firm of SCHNADER HARRISON SEGAL & LEWIS, LLP, and removes this action pursuant to 28 U.S.C. §1441, and in support thereof, Target Corporation states as follows:

### NATURE OF STATE COURT ACTION

1.      Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Civil Part, Middlesex County, under Docket No. MID-L-4927-21, on or about August 19, 2021. A copy of the complaint is attached as Exhibit A.

2.      Plaintiffs bring this action against Defendants, "Target and/or Target Corporation T-1929 and/or Jacy Lally, Store Director." (*See* complaint at paragraph (1), Ex. A)

PHDATA 7901609_1

3.      Plaintiffs, Marzena DiCostanzo and Giovanni DiCostanzo, allege they suffered "severe, permanent and painful personal injuries and was incapacitated and prevented from pursing her usual activities" and that the plaintiff, Marzena, "sustained serious and permanent injuries which required medical treatment and incapacitated her and she was caused to suffer great pain and will in the future suffer great pain," allegedly as a result of the defendants' negligence and careless, and reckless maintenance, care and/or upkeep of the premises. (*See* complaint at paragraphs (9) & (21), Ex. A)

4.      For service process in New Jersey, a plaintiff is required to cause a summons to be issued and served with the complaint.  N.J. Ct. R. 4:4-2, 4:4-3 & 4:4-4.

5.      New Jersey Court Rule 4:4-1 provides that the plaintiff, plaintiff's attorney or clerk of court may issue the summons.

6.      On August 24, 2021, plaintiffs caused summonses to be issued in the name of the clerk of court addressed to "Target-T-1929" and Jacy Lally. (*See* summonses, attached as Ex. B)

7.      No affidavit of service has been filed as of September 22, 2021.

8.      While the exact date of service is unknown at this time, because the summonses were issued on August 24, 2021, less than 30 days have expired since the summonses were issued and served.  This Notice of Removal is timely since it was filed within thirty (30) days of  receipt of the summons and complaint by Target.

9.      Defendant Jacy Lally consents to the removal of this action to the United States District Court for the District of New Jersey.

10.      Plaintiffs are residents of the state of New Jersey. (See introductory paragraph of complaint, Ex. A)

2

11.     Target is a corporation, incorporated under the laws of Minnesota with its principal place of business in Minnesota.

12.     Defendant Jacy Lally is a resident of the state of New York.

13.     The remaining defendants are fictitious defendants.

14.     The citizenship of defendants John Does is disregarded for the purposes of removal pursuant to 28 U.S.C. Section 1141.

15.     The plaintiffs are not citizens of the same state as the defendants, Target and Jacy Lally.  There is complete diversity among the parties.

16.     On September 20, 2021 counsel for Target sent a letter requesting a statement of damages pursuant to N.J. Civ. Practice Rule 4:5-2. This letter is attached as Exhibit C.

17.     On September 21, 2021, plaintiffs' counsel, Marco M. Benucci, Esq., confirmed that he was unable to limit the plaintiffs' damage claims to a sum not to exceed $75,000.00. This conversation was confirmed in a letter dated September 21, 2021, and is attached as Exhibit D.

18.     Because this action is between citizens of different states, and the amount in controversy is in excess of $75,000.00, this Court has diversity jurisdiction over the claims and this action is removable from the Superior Court of New Jersey, Middlesex County, to this Court.

19.     All of the procedural requirements set forth in 28 U.S.C. Section 1446 are satisfied. Section 1446(a) requires a removing party to file a notice of removal in the district court of the United States for the district and division within which such action is pending. Middlesex County lies in the District of New Jersey.

3

PHDATA 7901609_1

20.   In accordance with Section 1446, Target provides to the Court a copy of all process, pleadings, and orders served on defendant in the state action. See Exhibits A & B attached.

21.   Target will file an appropriate notice (a copy of which is attached hereto as Exhibit E ) with the Superior Court of New Jersey, Middlesex County, and will serve on plaintiffs a true and correct copy of this Notice of Removal, thus satisfying the remaining requirements specified in 28 U.S.C. Section 1446.

**WHEREFORE**, Defendant, Target Corporation, gives notice of removal of this action from the Superior Court of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey.

Respectfully submitted,


By:   /s/ Polly N. Phillippi
      Polly N. Phillippi, Esquire
      SCHNADER HARRISON SEGAL & LEWIS LLP
      Attorney for Defendant, Target Corporation

Dated:  September 22 2021

4

# EXHIBIT "A"

PHDATA 6654678_1

# Civil Case Information Statement
## (CIS)

| | For Use by Clerk's Office Only |
|---|---|
| | Payment type: ☐ ck ☐ cg ☐ ca |
| | Chg/Ck Number: |
| | Amount: |
| | Overpayment: |
| | Batch Number: |

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Marco M. Benucci, Esq. | (908) 393-6445 | Middlesex |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| WRONKO LOEWEN BENUCCI | |

| Office Address | Document Type |
|---|---|
| 1130 Route 202 South Suite A-7 Raritan, NJ 08869 | Complaint w/jury demand |
| | Jury Demand ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Marzena DiCostanzo and Giovanni DiCostanzo, Plaintiffs | Marzena DiCostanzo and Giovanni DiCostanzo vs. Target, Target Corporation T-1929, Jacy Lally, John Does, Corporations, ad XYZ individuals, et. al. |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?  ☐ Yes  ■ No |
|---|---|---|
| 605 | ☐ Yes  ■ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? ☐ Yes ■ No | If "Yes," list docket numbers |
|---|---|

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ■ No | Name of defendant's primary insurance company (if known) ☐ None ■ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? ☐ Yes ■ No | If "Yes," is that relationship: ☐ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business |
|---|---|

| Does the statute governing this case provide for payment of fees by the losing party? | ☐ Yes ☐ No |
|---|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations? ☐ Yes ■ No | If yes, please identify the requested accommodation: |
|---|---|
| Will an interpreter be needed? ☐ Yes ■ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: **MARCO BENUCCI, ESQ.**   8/19/21

**WRONKO LOEWEN BENUCCI**
Marco M. Benucci, Esq. (Id No. 018601994)
1130 Route 202 South, Suite A-7
Raritan, New Jersey 08869
Tel. (908) 393-6445   Fax (908) 393-6447
Email: benucci@newjerseylawyer.org
Attorney for Plaintiffs, Marzena DiCostanzo and Giovanni DiCostanzo

| | |
|---|---|
| MARZENA DICOSTANZO and<br>GIOVANNI DICOSTANZO<br><br>Plaintiff,<br><br>vs.<br><br>TARGET, TARGET CORPORATION T-1929,<br>JACY LALLY, Store Director, JOHN DOES<br>CORPORATIONS 1-10 (said names being<br>fictitious and unknown to Plaintiff at this time) | : SUPERIOR COURT OF NEW JERSEY<br>: MIDDLESEX COUNTY<br>: LAW DIVISION-CIVIL PART<br>:<br>:     DOCKET NO.: MID-L-004927-21<br>:<br>:     CIVIL ACTION<br>:     **AMENDED**<br>: **COMPLAINT, JURY DEMAND,**<br>: **DESIGNATION OF TRIAL**<br>: **ATTORNEY, DEMAND FOR**<br>: **INSURANCE INFORMATION, NOTICE**<br>: **TO PRODUCE, DEMAND FOR**<br>: **ANSWERS TO UNIFORM C AND C(2)**<br>: **INTERROGATORIES** |

Plaintiffs, Marzena DiCostanzo (also referred to as "Marzena") and Giovanni DiCostanzo

(also referred to as "Giovanni"), her husband, residing at 55 Zirkel Avenue, Township of

Piscataway, County of Middlesex, State of New Jersey,  by way of Complaint against the

Defendants says:

## PARTIES

1)      At all times relevant herein the Defendants, TARGET and/or TARGET

CORPORATION T-1929 and/or JACY LALLY, Store Director, owned, operated, controlled,

inspected, maintained, and/or repaired the premises located at 5000 Hadley Center Drive, South

Plainfield, New Jersey 07080 ("Premises").  At the Premises, the Defendants were/are engaged in

the business of, among other things, selling and/or providing food and/or other household goods to

customers on a self-serve basis.



**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | | | | |
|---|---|---|---|---|
| 151 | Name Change | | 506 | PIP Coverage |
| 175 | Forfeiture | | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | | 512 | Lemon Law |
| | | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | | 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | | | | |
|---|---|---|---|---|
| 305 | Construction | | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | | 605 | Personal Injury |
| | | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | | 699 | Tort – Other |

### Track III - 450 days discovery

| | | | | |
|---|---|---|---|---|
| 005 | Civil Rights | | 608 | Toxic Tort |
| 301 | Condemnation | | 609 | Defamation |
| 602 | Assault and Battery | | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | | |
| 606 | Product Liability | | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | | 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | | |
|---|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | | 514 | Insurance Fraud |
| 303 | Mt. Laurel | | 620 | False Claims Act |
| 508 | Complex Commercial | | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | | |

### Multicounty Litigation (Track IV)

| | | | | |
|---|---|---|---|---|
| 271 | Accutane/Isotretinoin | | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | | 626 | Abilify |
| 286 | Levaquin | | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | | 634 | Allergan Biocell Textured Breast Implants |
| 299 | Olmesartan Medoxomil Medications/Benicar | | | |
| 300 | Talc-Based Body Powders | | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59** ☐ **Consumer Fraud**

2)     The true names and capacities, whether individual, corporate, associate and/or otherwise, of defendants JOHN DOES, are unknown to plaintiffs at this time.  Plaintiffs sue such defendants by such fictitious names and will amend this Complaint to show their true names and capacities when they have been ascertained.  Plaintiffs are informed and believe, and based on such information and belief allege, that each of the defendants designated as "DOE" was negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and/or damages alleged in this Complaint.

3)     The true name and capacity, whether corporate, associate or otherwise, of defendant,  XYZ COMPANY ( hereinafter "XYZ") or Companies, is unknown to plaintiffs at this time.  Plaintiffs sue such defendant or defendants by such fictitious name and will amend this complaint to show its/their true name and capacity when it/they has/have been ascertained. Plaintiffs are informed and believe, and based on such information and belief allege, that the defendant or defendants designated as "XYZ" was/were negligent and/or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently and/or otherwise unlawfully caused the injuries and damages alleged in this Complaint.

4)     Plaintiffs are  informed and believe, and based on such information and belief allege, that at all times mentioned herein the defendants designated as "DOE" acted independently and/or were the agents/servants and/or employees of any or all of their co-defendants,  TARGET and/OR TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and in doing the things alleged in this complaint were acting within the course and scope of such agency and/or employment.

5)     The Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or

JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE, had a duty and obligation to keep the Premises cleaned, well maintained and safe, and to keep the public having access to it free from harm. Members of the public, including the plaintiff, Marzena, were entitled to rely upon the fact that the Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE would conduct their business and/or activities in a safe way and would provide a safe, well maintained and clean location.

### COUNT ONE

_____6)    Plaintiffs repeat and reiterate any and all allegations contained in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

7)    On or about August 22, 2021, plaintiff, Marzena, was shopping at the Premises referred to above and located at 5000 Hadley Center Drive, South Plainfield, New Jersey. As such, plaintiff had the status of a "business invitee." As the plaintiff was shopping for food and household items, suddenly and without notice or warning she slipped and fell on a liquid substance in one of the aisles of the store.

8)    The liquid on the floor in the aisle represented a hazardous condition that was created and/or known - or should have been known - to the defendants and/or their agents servants and/or employees.

9)    As a direct and proximate result of the defendants' carelessness and negligence the plaintiff, sustained severe, permanent, and painful personal injuries and was incapacitated and prevented from pursuing her usual activities.

**WHEREFORE**, Plaintiff, Marzena DiCostanzo, demands judgment against the Defendants,

TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or

XYZ and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally for damages,

interest, counsel fees, and costs of suit.

## COUNT TWO

_____10)    Plaintiffs repeat and reiterate any and all allegations contained in the preceding

paragraphs and incorporates them by reference as if fully set forth herein.

11)    At the time of the accident described and for a some time prior thereto, the

defendants knew or should have known that the general public attending the store, including, but

not limited to, the plaintiff, Marzena, could walk over a liquid substance in an aisle of the store.

12)    It was the duty of the defendants, TARGET and/or TARGET CORPORATION T-

1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE to

keep the aisle and floor areas at the aforesaid Premises in a reasonably safe and proper condition, so

that any person entering upon the premises would be protected from injury while on the property.

13)    The defendants, TARGET and/or TARGET CORPORATION T-1929 and/or

JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE, breached their

duties and were careless and negligent in that they did not keep their store aisle's  and floor areas

at defendants' Premises in a reasonably safe and proper condition.

14)    As set forth hereinbefore, as a direct and proximate result of the negligence of the

defendants, the plaintiff, Marzena,  sustained serious and permanent injuries which required medical

treatment and incapacitated her and she was caused to suffer great pain and will in the future suffer

great pain.

**WHEREFORE**, Plaintiff, Marzena, demands judgment against the Defendants, TARGET

and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ

and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally for damages, interest, counsel fees, and costs of suit.

## COUNT THREE

_____15)    Plaintiffs repeat and reiterate any and all allegations contained in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

16)    The defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE, carelessly and negligently failed to properly maintain an acceptable safe environment at the Premises and/or failed to have the Premises kept in a safe and non hazardous condition and/or failed to otherwise exercise due care with respect to the matters alleged in this complaint and/or they were otherwise vicariously liable for the acts and/or omissions of their agents, servants and or employees.

17)    As set forth hereinbefore, as a direct and proximate result of the negligence of the defendants, the plaintiff, Marzena, sustained serious and permanent injuries which required medical treatment and incapacitated her and she was caused to suffer great pain and will in the future suffer great pain.

**WHEREFORE**, Plaintiff, Marzena, demands judgment against the Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally for damages, interest, counsel fees, and costs of suit.

## COUNT FOUR

_____18)    Plaintiffs repeat and reiterate any and all allegations contained in the preceding

paragraphs and incorporates them by reference as if fully set forth herein.

20)    The defendants, TARGET and/or TARGET CORPORATION T-1929 and/or

JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE, while acting

within the course and scope of their businesses were negligent in allowing and/or causing a

dangerous/hazardous condition to exist and/or by failing to make proper observations and

inspections that would have revealed the dangerous/hazardous condition and/or by failing to post

proper warnings and notice of the dangerous/hazardous condition and/or failed to otherwise

exercise due care with respect to the matters alleged in this Complaint.

21)    As set forth hereinbefore, as a direct and proximate result of the negligence of the

defendants, the plaintiff, Marzena,  sustained serious and permanent injuries which required medical

treatment and incapacitated her and she was caused to suffer great pain and will in the future suffer

great pain.

**WHEREFORE**, Plaintiff, Marzena DiCostanzo, demands judgment against the Defendants,

TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or

XYZ and/or JOHN DOE AND JEAN DOE individually,  jointly and/or severally for damages,

interest, counsel fees,  and costs of suit.

### COUNT FIVE

22)    Plaintiffs repeat and reallege the allegations of the preceding Counts of the

Complaint as if more fully set forth at length herein.

23)    At all times relevant hereto, the Plaintiff, Giovanni Dicostanzo, was/is

the husband of Marzena Dicostanzo, and as such, is entitled to her love, services and consortium, all

of which he has been deprived of due to the negligence of the Defendants.

**WHEREFORE,** the Plaintiff, Giovanni Dicostanzo, demands judgment against the Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally judgment on this count, for damages, interest, counsel fees, and costs of suit together with compensatory damages.

## COUNT SIX

24)     Plaintiffs repeat and reallege the allegations of the preceding Counts of the Complaint as if more fully set forth at length herein.

25)     The Plaintiffs herein allege that there was a breach of various regulations that constitutes a statutory tort.

**WHEREFORE,** Plaintiffs, Marzena DiCostanzo and Giovanni, demand judgment against the Defendants, TARGET and/or TARGET CORPORATION T-1929 and/or JACY LALLY, Store Director and/or XYZ and/or JOHN DOE AND JEAN DOE individually, jointly and/or severally for damages, interest, counsel fees, and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designates MARCO BENUCCI, Esq. as trial counsel in the above captioned litigation pursuant to *Rule* 4:25-4.   _____

### JURY DEMAND

Plaintiffs put all parties on notice of a demand for trial by jury as to all issues.

### DEMAND FOR MEDICAL PAYMENTS COVERAGE

Plaintiffs, Marzena DiCostanzo and Giovanni DiCostanzo, hereby demand tender of

any and all medical payment ("med pay") provision coverage on the tortfeasors' liability policies. This request hereby constitutes notice of plaintiff's intention to make a claim against such coverage. If information is required to process some claim, please contact the undersigned.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to *Rule* 4:10-2(b), demand is hereby made that defendants disclose to plaintiffs' attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

## NOTICE TO PRODUCE

Pursuant to *Rule* 3:18-1, the plaintiffs hereby demand that the defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants are therefore required to continuously update its response thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendants, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declarations page.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3.    Copies or duplicates of any and all photographs, motion pictures, video, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question. Original digital media should be emailed (unedited, uncompressed in the original file format) to benucci@newjerseylawyer.org.

4.    Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5.    Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

6.    Copies of any and all discovery received from any other parties to the action in question.

7.    Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition of the plaintiff in this matter; whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

8.    Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiff or the incident in question.

9.    A list of all known eyewitnesses to plaintiff's fall, including any relationship to the parties and all available contact information.

10.   A list of all employees of the answering defendants who were either working or known to be physically present at the subject premises on the date of plaintiff's fall.

11.   An itemization of which employees on the list requested in NTP #10 are still employed by the answering defendants (and therefore able to be produced for depositions).

12.   A list of the last known addresses of all employees on the list requested in NTP #10 whom are no longer in the employ of the answering defendants (and therefore are unable to be produced for depositions).

13.   A list indicating the number of surveillance cameras at the subject premises and a brief description identifying the location of each.

14.   The name of the individual (or individuals) responsible for retrieving video surveillance footage from the system at the time of plaintiff's fall.

15.   Any and all treaties, articles, medical journals, literature or other documents which defense intends to rely upon at the time of trial in defending the claim of damages.


## DEMAND FOR ANSWER TO INTERROGATORIES

Demand is hereby made on the defendants to answer fully and responsively Form C and Form C(2) Uniform Interrogatories, found in Appendix II as provided by *Rule* 4-17-1(b)(ii) and other applicable Rules of Court. Demand is hereby made that defendants answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.


## NOTICE REGARDING DEFENSE MEDICAL EXAMINATIONS

The plaintiffs will not be filling out any paperwork at the time of the examination. Any paperwork required by the examiner should be completed by the defense counselor requesting the

defense medical examination prior to the happening of the examination. If the defense counsel requires information that is not in their possession to complete said paperwork, the proper discovery requests should be made to plaintiff through their counsel.

## DEMAND FOR ENTRY UPON PREMISES

Pursuant to R. 4:18-1 (a)(2) , Plaintiffs demand entry upon land of the area of the incident which is the subject of this litigation for the purpose of inspection and/or measuring, surveying, photographing, testing and/or sampling the property or any designated object or operations thereon.

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of

any other action pending in any other court or of a pending arbitration proceeding to the best of our

knowledge or belief.   Also, to the best of our belief, no other action or arbitration proceeding is

contemplated.  Further, other than the parties set forth in this pleading, we know of no other parties

that should be joined in the above motion.   In addition, we recognize the continuing obligation of

each party to file and serve on all parties and the court an amended

certification if there is a change in the facts stated in this original certification.

WRONKO LOEWEN BENUCCI

By:_____

MARCO M. BENUCCI, ESQ.
Attorney for Plaintiff

DATED:

# EXHIBIT "B"

**SUMMONS**

Attorney(s) Marco M. Benucci, Esq.

Office Address  1130 Route 202 South   Suite A-7

Town, State, Zip Code  Raritan, NJ 08869

Telephone Number  9083936445

Attorney(s) for Plaintiff  Marzena DiCostanza

Marzena DiCostanza

Giovanni DiCostanzo

Plaintiff(s)

vs.

Target, Target Corportation, T-1929,

Jacy Lally, et. al.

Defendant(s)

### Superior Court of New Jersey

Middlesex      County

Civil Part-Law  Division

Docket No: MID-L-004927-21

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith /s/*

Clerk of the Superior Court

DATED:  08/24/2021

Name of Defendant to Be Served:  Jacy Lally- Store Director-Target-T-1929

Address of Defendant to Be Served:  5000 Hadley Center Drive, South Plainfield, NJ 07080

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# EXHIBIT "C"

PHDATA 6654678_1

# Schnader

**ATTORNEYS AT LAW**

*The Higher*
*Calling of the Law*

Woodland Falls Corporate Park

220 Lake Drive East   Suite 200   Cherry Hill, NJ  08002-116

856.482.5222                         schnader.com

Polly N. Phillippi
Direct Dial 856-482-5725
Direct Fax 215-972-7236
E-Mail: Pphillippi@schnader.com

September 16, 2021

*Via E-mail:*
Marco M. Benucci, Esq.
1130 Route 202 South
Suite A-7
Raritan, NJ 08869

> Re:   **Marzena DiCostanzo v. Target Corporation**
> **Superior Court of New Jersey –Middlesex County**
> **Docket No.:  MID-L-4927-21**

Dear Mr. Benucci:

On behalf of Defendant, Target Corporation, I hereby request a statement of Plaintiff's damages as permitted by New Jersey Court Rule 4:5-2.  Pursuant to the Rule, Plaintiff's written statement of the amount of damages claimed shall be furnished within five (5) days after service of this request.

Thank you for your anticipated cooperation in this regard.

Sincerely yours,

*/s/ Polly N Phillippi*

Polly N. Phillippi
For SCHNADER HARRISON SEGAL & LEWIS **LLP**

PNP/mdg

PHDATA 7901618_1

# EXHIBIT "D"

PHDATA 6654678_1

# Schnader

**ATTORNEYS AT LAW**

*The Higher*
*Calling of the Law*

Lisa A. Rodriguez, New Jersey Managing Partner

Woodland Falls Corporate Park

220 Lake Drive East   Suite 200   Cherry Hill, NJ  08002-11

856.482.5222                              schnader.com

Polly N. Phillippi
Direct Dial 856-482-5725
Direct Fax 215-972-7236
E-Mail: Pphillippi@schnader.com

September 21, 2021

_Via E-mail:_
Marco M. Benucci, Esq.
1130 Route 202 South
Suite A-7
Raritan, NJ 08869

> **Re:**   **Marzena DiCostanzo v. Target Corporation**
> **Superior Court of New Jersey –Middlesex County**
> **Docket No.:  MID-L-4927-21**

Dear Mr. Benucci:

This will confirm our conversation of today that you are unable to cap plaintiff's damages at less than $75,000 as you do not have your client's permission for same. As a result, I will proceed to remove this matter to US District Court.

Sincerely yours,

*/s/ Polly N Phillippi*

Polly N. Phillippi
For SCHNADER HARRISON SEGAL & LEWIS **LLP**

PNP/mdg

PHDATA 7901619_1

# EXHIBIT "E"

PHDATA 6654678_1

**SCHNADER HARRISON SEGAL & LEWIS, LLP**
**Woodland Falls Corporate Park**
**220 Lake Drive East, Suite 200**
**Cherry Hill, New Jersey 08002-1165**
**POLLY N. PHILLIPPI (NJ# 043551984)**
**Phone:  (856) 482-5222**
**Fax:      (215) 972-7236**
**Email: pphillippi@schnader.com**
Attorneys for Named Defendant - Target Corporation

| | |
|---|---|
| MARZENA DICOSTANZO and GIOVANNI DICOSTANZO,<br><br>               Plaintiff,<br><br>   v.<br><br>TARGET, TARGET CORPORATION T-1929, JACY LALLY, Store Director, JOHN DOES CORPORATIONS 1-10, (said names being fictitious and unknown to Plaintiff at this time).<br><br>              Defendants. | :  SUPERIOR COURT OF NEW JERSEY<br>:  MIDDLESEX COUNTY, LAW DIVISION<br>:  CIVIL ACTION<br>:<br>:  DOCKET NO.:  MID-L-4927-21<br>:<br>:  **NOTICE TO SUPERIOR COURT OF**<br>:  **REMOVAL TO US DISTRICT COURT**<br>:<br>:<br>: |

**TO:    Attached Service List**

        PLEASE TAKE NOTICE that on September 22, 2021, the undersigned caused to

be electronically filed with the Clerk of the United States District Court for the District of New

Jersey, the attached Notice of Removal, a true and accurate copy of which is attached hereto and

hereby served upon you.


                        Respectfully submitted,


                        By:    /s/ Polly N. Phillippi
                            Polly N. Phillippi, Esquire
                      SCHNADER HARRISON SEGAL & LEWIS LLP
                        Attorney for Defendant, Target Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 22st day of September, 2021, a true and correct copy of the

foregoing Notice of Removal was sent via ECF Delivery to:

Clerk, Superior Court of New Jersey
Middlesex County Law Division

Marco M. Benucci, Esq.
1130 Route 202 South
Suite A-7
Raritan, NJ 08869
*Attorney for Plaintiff*

By:   /s/ Polly N. Phillippi
Polly N. Phillippi, Esquire
SCHNADER HARRISON SEGAL & LEWIS LLP
Attorney for Defendant, Target Corporation

2

PHDATA 7901610_1